IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MET WATER VISTA RIDGE, L.P., *Plaintiff*, vs. VISTA RIDGE LLC; and WILMINGTON TRUST, N.A., as Trustee for the Burleson/Milam Master Lease Trust, *Defendants*. | § § § § § § § § § § § | Civil No. 1:21-cv-604 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOVANT BLUE WATER VISTA RIDGE, LLC'S MOTION TO INTERVENE**

Plaintiff Met Water Vista Ridge, L.P. files this response in opposition to movant Blue Water Vista Ridge, LLC's motion to intervene (Doc. 14), and in support thereof would respectfully show as follows:

## I. INTRODUCTION

A movant's ability to intervene in an existing lawsuit under Rule 24 of the Federal Rules of Civil Procedure is largely determined by (i) the alleged interest the movant seeks to protect and (ii) whether the movant's intervention will help or hinder resolution of the lawsuit. Here, Blue Water Vista Ridge, LLC's motion to intervene should be denied for at least three reasons:

- It has no qualifying interest to protect, because everyone agrees Blue Water Vista Ridge, LLC has no ownership interest in any groundwater lease potentially at issue in this lawsuit.
- Even if Blue Water Vista Ridge, LLC has such an interest, it is being adequately represented by the existing defendants in the lawsuit.
- Blue Water Vista Ridge, LLC's intervention will needlessly complicate and delay resolution of this lawsuit, as demonstrated by the very motion to intervene it filed.

For these reasons, Met Water Vista Ridge respectfully requests an order denying Blue Water Vista Ridge, LLC's motion to intervene; and for such other and further relief to which Met Water Vista Ridge may be justly entitled.

## II. BACKGROUND

Met Water Vista Ridge filed its original complaint in this lawsuit on July 8, 2021.[1] Met Water Vista Ridge is the lessee of a groundwater lease with Joe Baldwin regarding a tract of land Mr. Baldwin owns in Burleson County, Texas (Baldwin Lease).[2] Met Water Vista Ridge's claims in this lawsuit relate to the ownership of the Baldwin Lease, and for proceeds earned from groundwater improperly withdrawn from land subject to the Baldwin Lease.[3]

The defendants in the lawsuit are Vista Ridge LLC and Wilmington Trust, N.A., as trustee of the Burleson/Milam Master Lease Trust (the Trust).[4] Vista Ridge LLC is the project company responsible for the Vista Ridge water supply project, which delivers 44.6 million gallons of water per day from Burleson County, Texas, to the City of San Antonio through a 142-mile pipeline.[5]

In or around 2017, Vista Ridge LLC began drilling and constructing two groundwater wells on land subject to the Baldwin Lease without permission from Met Water Vista Ridge. Since April 2020 has been producing and selling millions of gallons of groundwater to the San Antonio Water System (SAWS) through the Vista Ridge pipeline, also without Met Water Vista Ridge's

---

[1] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1).

[2] *See* Memorandum of Groundwater Lease (Doc. 1-2).

[3] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 22–29.

[4] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 7–8.

[5] *See, e.g.*, Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 2–3.

permission.[6]

Vista Ridge LLC's actions to drill and construct groundwater wells on land subject to the Baldwin Lease, and to produce and sell groundwater from those wells, appear to have been taken pursuant to a purported sublease with the Trust.[7]  Vista Ridge LLC has asserted in this lawsuit that it received a sublease and partial assignment of leases and lease rights from Blue Water Vista Ridge, LLC on June 24, 2015, for groundwater leases dedicated to the Vista Ridge water supply project.[8]  Vista Ridge LLC asserts this sublease and partial assignment included rights to the Baldwin Lease.[9]

Vista Ridge LLC has also asserted in this lawsuit that on June 24, 2015, Blue Water Vista Ridge, LLC assigned whatever remaining interests it had in the Vista Ridge groundwater leases to the Trust, subject to Vista Ridge LLC's sublease and partial assignment.[10]  In other words, the Trust has been the legal title holder of groundwater leases dedicated to the Vista Ridge water supply project since June 24, 2015, and Vista Ridge LLC has a sublease and partial assignment of those same groundwater leases.

The primary question for this Court to resolve in this lawsuit is: who possesses legal title to the Baldwin Lease?  Is it Met Water Vista Ridge, for which a memorandum of groundwater lease has been recorded in the real property records of Burleson County for more than four years?

---

[6] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 2, 16–18, 20.

[7] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 17.

[8] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 7.

[9] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 4, 7–8.

[10] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 7–8.

Or is it the Trust/Vista Ridge LLC, based on the assignment, partial assignment, and/or sublease they received from Blue Water Vista Ridge, LLC?

What will **NOT** be at issue in this lawsuit is the ownership interest that Blue Water Vista Ridge, LLC has in the Baldwin Lease. Because all parties presently in this lawsuit agree it has none.

## III. ARGUMENTS AND AUTHORITIES

### A. Legal standards

A movant's ability to intervene in an existing lawsuit is governed by Rule 24.[11] There are two types of intervention under Rule 24: intervention as of right, under Rule 24(a); and permissive intervention, under Rule 24(b).[12] And there are two types of mandatory intervention under Rule 24(a): an unconditional right to intervene pursuant to federal statute, and a right to intervene based on a claim of interest in the property or transaction subject to the existing lawsuit.[13]

A district court's rulings on all interventions pursuant to Rule 24(a) are reviewed *de novo*, except for rulings regarding timeliness.[14] On the other hand, a district court's decision regarding intervention sought under Rule 24(b) is for an abuse of discretion.[15]

### B. Blue Water Vista Ridge, LLC has no right to intervene in this lawsuit pursuant to Rule 24(a).

Blue Water Vista Ridge, LLC did not identify any federal statute granting it an

---

11

12 *See* FED. R. CIV. P. 24; *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019)

13 *See* FED. R. CIV. P. 24(a)(1)–(2).

14 *See, e.g.*, *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir. 1991).

15 *See, e.g.*, *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984).

unconditional right to intervene in this lawsuit under Rule 24(a)(1). The only arguments Blue Water Vista Ridge, LLC makes for mandatory intervention concern Rule 24(a)(2).[16]

The test for mandatory intervention under Rule 24(b) is whether (i) the motion is timely; (ii) the movant has an interest relating to the property or transaction that is the subject of the case; (iii) disposition of the case may practically impair or impede the movant's ability to protect its interest; and (iv) the movant is not adequately represented by the existing parties.[17]

Met Water Vista Ridge agrees that Blue Water Vista Ridge, LLC's motion to intervene was timely filed. But this Court should deny the motion to intervene pursuant to Rule 24(b) for either, or both, of the following two reasons: (i) Blue Water Vista Ridge, LLC has no interest in the property or transactions at issue in this lawsuit; and (ii) even if Blue Water Vista Ridge, LLC has an interest in this lawsuit—which it does not—the existing defendants in this lawsuit are adequately representing that interest.

**1. Blue Water Vista Ridge, LLC has no interest relating to the property or transactions in this lawsuit, because everyone agrees it possesses no ownership interest in the Baldwin Lease.**

Blue Water Vista Ridge, LLC claims in its motion to intervene that it has an interest in property or transactions at issue in this lawsuit, because it is "the lessee and beneficial owner of the groundwater rights leased in the Baldwin Lease."[18] That is not correct.

First, the documents Blue Water Vista Ridge, LLC submitted along with its motion to intervene conclusively demonstrate that it is not the lessee or "beneficial owner" of any groundwater leases potentially at issue in this lawsuit. On June 24, 2015, Blue Water Vista Ridge,

---

[16] *See* Blue Water Vista Ridge, LLC's motion to intervene (Doc. 14), at ¶¶ 22–29.

[17] *See, e.g.*, *Adam Joseph Res. (M) Sdn. Bhd. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019).

[18] Blue Water Vista Ridge, LLC's motion to intervene (Doc. 14), at ¶ 20.

LLC executed an Assignment of Leases in favor of the Trust of "all of [Blue Water Vista Ridge, LLC's] interest in and to the Leases including its rights in its Sublease":[19]

> **WHEREAS**, pursuant to the terms of the Groundwater Lease Conveyance Agreement, Assignor desires to assign to Assignee, and Assignee desires to accept, the assignment of all of Assignor's interest in and to the Leases including its rights in its Sublease (as defined below) of such Leases ("***Lease Rights***") on the terms and conditions set forth below.

> 1. Assignment. Assignor hereby assigns, transfers and conveys the Lease Rights to Assignee, to have and to hold, all and singular, the Leases unto Assignee, its successors and assigns, to be held by Assignee pursuant to the terms of that certain Burleson/Milam Master Lease Trust, and free and clear of all liens, encumbrances or conditions other than (i) those which the owner of the fee interest in the land that is the subject of the leases (the "Land") may have placed against the Land prior to the

That Assignment of Leases was recorded in the Official Public Records of Burleson County, Texas, on October 7, 2015.[20] In other words, the Trust—not Blue Water Vista Ridge, LLC—has been the record title holder for all groundwater leases in the Vista Ridge water supply project for almost six years.

In its own motion to dismiss, Vista Ridge LLC agreed that Blue Water Vista Ridge, LLC is not the lessee of and has no interest in any groundwater leases for the Vista Ridge water supply project:[21]

> On June 24, 2015, pursuant to the GLCA, Blue Water and Vista Ridge entered into the Sublease and Partial Assignment ("Sublease").[10] The Sublease effectuates the assignment of the Vista Ridge Leases, including the Real Property Rights and Water Rights, from Blue Water to Vista Ridge as required by the GLCA for the Sublease Term. Pursuant to § 8 of the Sublease,

---

[19] Blue Water Vista Ridge, LLC's motion to intervene (Doc. 14), at Ex. 4(E) (Doc. 14-2 p. 482).

[20] *See* Blue Water Vista Ridge, LLC's motion to intervene (Doc. 14), at Ex. 4(E) (Doc. 14-2 p. 518).

[21] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 4, 7–7.

Additionally on June 24, 2015, Blue Water and the Trust entered into an Assignment of Leases,[12] which assigned the remaining interest of Blue Water in the Vista Ridge Leases

Second, Blue Water Vista Ridge, LLC's status as a beneficiary of the Trust is irrelevant. In *Thunder Patch II, LLC v. JPMorgan Chase Bank, N.A.*, this Court held that a trust beneficiary is not a necessary party to disputes concerning trust property when the trustee's and the beneficiary's interests are aligned.[22] As discussed in more detail below, the trustee of the Trust (Wilmington Trust) is pursuing the exact same relief that Blue Water Vista Ridge, LLC wants: dismissal of this lawsuit in favor of an action pending in the 21st District Court of Washington County, Texas.

Third, the Fifth Circuit held in *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.* that an economic interest in the outcome of a lawsuit (i.e., that the outcome of the suit will have an economic impact on the movant) does not qualify as an interest in property or transactions within the meaning of Rule 24(b).[23] Here, Blue Water Vista Ridge, LLC's contracts with Vista Ridge LLC and the Trust regarding lease administration only represent a potential "economic interest" in the outcome of this lawsuit, to the extent this suit could affect Blue Water Vista Ridge, LLC. That type of "interest" does not qualify for intervention under Rule 24(a).[24]

For all of these reasons, Blue Water Vista Ridge, LLC does not have a qualifying interest in the property or transactions at issue in this lawsuit. It follows that the disposition of this case cannot impair or impede an interest that does not exist.

[22] *See* No. 5-18-CV-00629-OLG-RBF, 2018 U.S. Dist. LEXIS 207696, at *15–16 (W.D. Tex. Dec. 10, 2018).

[23] *See United Gas*, 732 F.2d at 466.

[24] *See United Gas*, 732 F.2d at 466.

Blue Water cannot satisfy the second and third factors of the Rule 24(b) test, and its motion to intervene under Rule 24(b) should be denied on that basis.

**2. The existing defendants are adequately representing the positions advanced by Blue Water Vista Ridge, LLC in its motion.**

Even if Blue Water Vista Ridge, LLC has established that (i) it has a qualifying interest in property or transactions at issue in this lawsuit and (ii) this case may impair or impede that interest—which it has not done—the Rule 24(b) test also requires Blue Water Vista Ridge, LLC to show its interests are not being adequately represented by the existing parties. Blue Water Vista Ridge, LLC bears the burden to demonstrate inadequate representation.[25]

In determining whether the existing parties to a lawsuit are adequately represent a movant's interests, one of factors courts consider is the type of relief sought by the existing parties compared to the relief sought by the movant.[26] Here, both Vista Ridge LLC and Wilmington Trust have moved to dismiss Met Water Vista Ridge's original complaint under Rule 12(b)(6), citing (i) a Cooperation and Non-disturbance Agreement and (ii) an anti-suit injunction issued by the 21st District Court of Washington County, Texas, both of which purportedly bar the claims Met Water Vista Ridge is asserting in this lawsuit.[27] On the first page of its motion to intervene, Blue Water Vista Ridge, LLC cites those exact same arguments as a basis to dismiss Met Water Vista Ridge's original complaint.[28]

When the existing parties to a lawsuit are seeking the exact same relief on the exact same

[25] *See, e.g.*, *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

[26] *See, e.g.*, *United Gas*, 732 F.2d at 472; *Tuttle v. City of Hous.*, No. 4:21-CV-270, 2021 U.S. Dist. LEXIS 122577, at *12–13 (S.D. Tex. 2021 June 9, 2021).

[27] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 2–3; Wilmington Trust's motion to dismiss plaintiff's complaint and alternatively, for forum non conveniens and memorandum in support (Doc. 12), at 5–6, 10–11.

[28] *See* Blue Water Vista Ridge, LLC's motion to intervene (Doc. 14), at 1.

grounds as the movant, courts in this circuit presume that the existing parties are adequately representing the movant's potential interest in the lawsuit.[29] Even if Blue Water Vista Ridge, LLC has an interest in property or transactions at issue in this lawsuit—which it does not—the existing defendants are adequately representing any such interests.

Blue Water Vista Ridge, LLC's motion to intervene may be independently denied on this ground as well.

**C. This Court should deny Blue Water Vista Ridge, LLC's request to intervene under Rule 24(b).**

This Court has discretion to permit Blue Water Vista Ridge, LLC to intervene in this lawsuit under Rule 24(b) if (i) the application is timely, (ii) the movant's claim or defense and the main action have a question of law or fact in common, and (iii) the intervention will not unduly delay or prejudice the adjudication of the original parties' rights.[30] Blue Water Vista Ridge, LLC's motion to intervene itself demonstrates the delay and prejudice its intervention would cause.

The only issue raised by Met Water Vista Ridge's original complaint is the identity of the current owner of the Baldwin Lease.[31] Blue Water Vista Ridge, LLC, on the other hand, spent approximately 2/3 of its motion to intervene name-calling and recounting irrelevant events and interactions stretching back more than 15 years.[32] When an intervention will simply "clutter the action unnecessarily," denial of permissive intervention is appropriate.[33]

---

[29] *See United Gas*, 732 F.2d at 472; *Tuttle*, 2021 U.S. Dist. LEXIS 122577, at *12–13.

[30] *See* FED. R. CIV. P. 24(b); *United Gas*, 732 F.2d at 471 (abuse-of-discretion standard).

[31] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 22–29.

[32] *See* Blue Water Vista Ridge, LLC's motion to intervene (Doc. 14), at 1–14, 2 (labeling plaintiff's principal "a convicted felon with a long history of fraud, forgery, and deceit").

[33] *Arney v. Finney*, 967 F.2d 418, 421–22 (10th Cir. 1992).

Vista Ridge LLC and Wilmington Trust are represented by able counsel, and are adequately defending themselves in this lawsuit. Allowing Blue Water Vista Ridge LLC to intervene will only serve to complicate and delay these proceedings, not streamline them. Blue Water Vista Ridge, LLC's request for permissive intervention under Rule 24(b) should be denied as well.

## IV. CONCLUSION

For these reasons, Met Water Vista Ridge respectfully requests an order denying Blue Water Vista Ridge, LLC's motion to intervene; and for such other and further relief to which Met Water Vista Ridge may be justly entitled.

Dated: October 1, 2021

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
James Hatchitt
State Bar No. 24072478
jhatchitt@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorney for plaintiff Met Water Vista Ridge, L.P.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was delivered on October 1, 2021, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, to the parties listed and in the manner indicated below:

Mike Stenglein
mstenglein@kslaw.com
Edward F. Fernandes
efernandes@kslaw.com
Christopher H. Taylor
ctaylor@kslaw.com
KING & SPALDING, LLP
500 West 2nd Street, Suite 1800
Austin, Texas 78701
Tel. (512) 457-2000
Fax (512) 457-2100

*Attorneys for defendant Vista Ridge LLC*

✓ Electronic service
□ In person
□ Registered mail, return receipt requested
□ Commercial delivery service
□ Facsimile
□ Electronic mail

Tricia W. Macaluso
tricia.macaluso@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER, LLP
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
Tel. (214) 721-8000
Fax (214) 721-8100

*Attorney for defendant Wilmington Trust, N.A., as Trustee for the Burleson/Milam Master Lease Trust*

✓ Electronic service
□ In person
□ Registered mail, return receipt requested
□ Commercial delivery service
□ Facsimile
□ Electronic mail

Paul M. Terrill
pterrill@terrillwaldrop.com
Ryan D. V. Greene
rgreene@terrillwaldrop.com
TERRILL & WALDROP
810 West 10th Street
Austin, Texas 78701
Tel. (512) 474-9100
Fax (512) 474-9888

Stacey V. Reese
stacey@staceyreese.law
STACEY REESE LAW, PLLC
910 West A venue, Suite 15
Austin, Texas 78701
Tel. (512) 535-0742
Fax (512) 233-5917

✓ Electronic service
□ In person
□ Registered mail, return receipt requested
□ Commercial delivery service
□ Facsimile
□ Electronic mail

*Attorneys for non-party Blue Water Vista Ridge, LLC*

James Hatchitt