IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MET WATER VISTA RIDGE, L.P., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | Civil No. 1:21-CV-604-LY |
| VISTA RIDGE LLC; and WILMINGTON | § | |
| TRUST, N.A., as Trustee for the | § | |
| Burleson/Milam Master Lease Trust, | § | |
| | § | |
| *Defendants*. | § | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT VISTA RIDGE LLC'S
MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

---

Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
James Hatchitt
State Bar No. 24072478
jhatchitt@howrybreen.com
HOWRY BREEN & HERMAN, L.L.P.
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorney for plaintiff Met Water Vista Ridge,
L.P.*

## Table of Contents

Table of Authorities ................................................................................................... 3

I.      INTRODUCTION ............................................................................................. 5

II.     BACKGROUND ............................................................................................... 6

        A.     Met Water Vista Ridge, L.P. and the Baldwin lease ............................... 6

        B.     Met Water Vista Ridge, L.P. ≠ Metropolitan Water Company, L.P. ..................... 8

III.    ARGUMENTS AND AUTHORITIES ............................................................. 10

        A.     Legal standards ...................................................................................... 10

        B.     Vista Ridge LLC's motion to dismiss relies on two documents that were
               not attached to or referenced in Met Water Vista Ridge, L.P.s original
               complaint, and this Court should not exercise its discretion to take judicial
               notice of the documents. .......................................................................... 10

               1.     In a motion to dismiss under Rule 12(b)(6), a trial court may only
                      consider the pleading itself and any attachments, unless an
                      exception applies ............................................................................ 11

               2.     This Court has discretion to take judicial notice of certain types of
                      documents, but should not do so at this stage in this lawsuit. .................. 13

        C.     Vista Ridge LLC's argument that the NDA bars Met Water Vista Ridge,
               L.P.'s claims puts the cart before the horse: the NDA cannot bar Met
               Water Vista Ridge, L.P.'s claims, because it does not apply to those
               claims. ..................................................................................................... 15

        D.     The Washington County district court's anti-suit injunction does not bar
               Met Water Vista Ridge, L.P. from pursuing its claims in this lawsuit. ............... 18

               1.     The anti-suit injunction has been stayed by the Fourteenth Court of
                      Appeals, and trial in the Washington County lawsuit has been
                      continued to April 2022. ................................................................ 18

               2.     Even if the anti-suit injunction had not been stayed, it would not
                      bar Met Water Vista Ridge, L.P.'s claims in this Court. ......................... 19

                      a.     The anti-suit injunction does not enjoin Met Water Vista
                             Ridge, L.P. ........................................................................ 19

                      b.     Under federal law, the Washington County district court
                             could not have enjoined Met Water Vista Ridge, L.P. from
                             filing that claims it did in this lawsuit ......................................... 20

IV.     CONCLUSION ............................................................................................... 23

CERTIFICATE OF SERVICE ................................................................................... 23

## Table of Authorities

**Cases**

*Anderson v. Wells Fargo Bank, N.A.*,
  953 F.3d 311 (5th Cir. 2020) ............................................................................ 12, 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................ 9

*Baker v. Gen. Motors Corp.*,
  522 U.S. 222 (1998)............................................................................................... 20

*Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*,
  976 F.3d 585 (5th Cir. 2020) ............................................................................ 12, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................ 9

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
  343 F.3d 719 (5th Cir. 2003) ............................................................................... 14

*Burkitt v. Wynne*,
  132 S.W. 816 (Tex. App.—Houston [1st Dist.] 1910, writ ref'd) ........................... 22

*Clearline Techs. Ltd. v. Cooper B-Line, Inc.*,
  No. H-11-1420, 2012 U.S. Dist. LEXIS 2116 (S.D. Tex. Jan. 9, 2012)................... 14

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ............................................................................... 10

*Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev. Inc.*,
  972 F.3d 684 (5th Cir. 2020) ............................................................................... 13

*Donovan v. City of Dallas*,
  377 U.S. 408 (1964)............................................................................................... 20

*Fernandez-Montes v. Allied Pilots Ass'n*,
  987 F.2d 278 (5th Cir. 1993) ............................................................................... 14

*Funk v. Stryker Corp.*,
  631 F.3d 777 (5th Cir. 2011) ............................................................................... 13

*Hester v. Bell-Textron, Inc.*,
  11 F.4th 301 (5th Cir. 2021) ............................................................................... 10

*In re EB Holdings II, Inc.*,
  89 B.R. 704 (Bankr. D. Nev. 2017) ...................................................................... 13

*Luna v. Am. Nat'l Ins. Co.*,
  No. EP-21-CV-00064-FM, 2021 U.S. Dist. LEXIS 90464 (W.D. Tex. May 12, 2021) .......... 14

*Miller v. Rusk*,
  17 Tex. 170 (1856)................................................................................................. 22

*Reed v. Turner*,
    489 S.W.2d 373(Tex. App.—Tyler 1972, writ ref'd n.r.e.) ..................................................... 20

*Rollerson v. Brazos River Harbor Navigation Dist.*,
    6 F.4th 633 (5th Cir. 2021) ............................................................................................ 11, 12

*State v. Bryan*,
    210 S.W.2d 455 (Tex. App.—Austin 1948, no writ) ............................................................. 20

*Villarreal v. Wells Fargo Bank, N.A.*,
    814 F.3d 763 (5th Cir. 2016) ................................................................................................. 11

**Rules**

Fed. R. Evid. 201 .................................................................................................................. 13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MET WATER VISTA RIDGE, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | Civil No. 1:21-CV-604-LY |
| VISTA RIDGE LLC; and WILMINGTON | § | |
| TRUST, N.A., as Trustee for the | § | |
| Burleson/Milam Master Lease Trust, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT VISTA RIDGE LLC'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Met Water Vista Ridge, L.P. files this response in opposition to defendant Vista Ridge LLC's motion to dismiss Plaintiff's original complaint (Doc. 10), and in support thereof would respectfully show as follows:

## I.      INTRODUCTION

This lawsuit concerns the ownership of a particular groundwater lease in Burleson County, Texas.  Met Water Vista Ridge, L.P. has had a publicly recorded memorandum of lease publicly recorded in Burleson County for more than five years.  But Vista Ridge LLC has improperly withdrawn hundreds of millions of gallons from land covered by that lease and sold it to the City of San Antonio for more than $10 million.

Vista Ridge LC has moved to dismiss Met Water Vista Ridge, L.P.'s claims in this lawsuit under Rule 12(b)(6), claiming that Met Water Vista Ridge, L.P.'s claims are barred by a non-disturbance agreement and an anti-suit injunction.  Vista Ridge LLC is wrong, and its motion to

dismiss should be denied, for three reasons:

- Vista Ridge LLC's motion to dismiss is procedurally improper, because it relies on extrinsic documents and this Court should not exercise its discretion to take judicial notice of those documents.

- The non-disturbance agreement does not apply to Met Water Vista Ridge, L.P.'s claims in this lawsuit.

- The anti-suit injunction has been stayed.  And even if that stay is lifted, the anti-suit injunction does not enjoin Met Water Vista Ridge, L.P., and the Washington County district court did not have the constitutional authority to enjoin Met Water Vista Ridge, L.P. from pursuing this lawsuit.

For these reasons, plaintiff Met Water Vista Ridge respectfully requests an order denying defendant Vista Ridge LLC's motion to dismiss Plaintiff's original complaint (Doc. 10); and for such other and further relief to which Met Water Vista Ridge may be justly entitled.

## II.     BACKGROUND

### A.     Met Water Vista Ridge, L.P. and the Baldwin lease

Met Water Vista Ridge, L.P. is the lessee of a groundwater lease with Joe Baldwin regarding a 3.77-acre tract of land Mr. Baldwin owns in Burleson County, Texas (Baldwin Lease).[1] Met Water Vista Ridge, L.P.'s claims in this lawsuit relate to the ownership of the Baldwin Lease, and for proceeds earned from groundwater improperly withdrawn from land subject to the Baldwin Lease.[2]

The defendants in the lawsuit are Vista Ridge LLC and Wilmington Trust, N.A., as trustee of the Burleson/Milam Master Lease Trust (the Trust).[3]  Vista Ridge LLC is the project company

---

[1] *See* Memorandum of Groundwater Lease (Doc. 1-2).

[2] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 22–29.

[3] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 7–8.

responsible for the Vista Ridge water supply project, which delivers 44.6 million gallons of water per day from Burleson County, Texas, to the City of San Antonio through a 142-mile pipeline.[4]

In or around 2017, Vista Ridge LLC began drilling and constructing two groundwater wells on land subject to the Baldwin Lease without permission from Met Water Vista Ridge, L.P. Since April 2020, Vista Ridge LLC has been producing and selling millions of gallons of groundwater to the San Antonio Water System (SAWS) through the Vista Ridge pipeline, also without Met Water Vista Ridge, L.P.'s permission.[5]

Vista Ridge LLC's actions to drill and construct groundwater wells on land subject to the Baldwin Lease, and to produce and sell groundwater from those wells, appear to have been taken pursuant to a purported sublease with the Trust.[6] Vista Ridge LLC has asserted in this lawsuit that it received a sublease and partial assignment of leases and lease rights from Blue Water Vista Ridge, LLC on June 24, 2015, for groundwater leases dedicated to the Vista Ridge water supply project.[7] Vista Ridge LLC asserts this sublease and partial assignment included rights to the Baldwin Lease.[8]

Vista Ridge LLC has also asserted in this lawsuit that on June 24, 2015, Blue Water Vista Ridge, LLC assigned whatever remaining interests it had in the Vista Ridge groundwater leases to

---

[4] *See, e.g.*, Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 2–3.

[5] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 2, 16–18, 20.

[6] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 17.

[7] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 7.

[8] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 4, 7–8.

the Trust, subject to Vista Ridge LLC's sublease and partial assignment.[9]  In other words, the Trust has been the legal title holder of groundwater leases dedicated to the Vista Ridge water supply project since June 24, 2015, and Vista Ridge LLC has a sublease and partial assignment of those same groundwater leases.

The primary question for this Court to resolve in this lawsuit is: who possesses legal title to the Baldwin Lease?  Is it Met Water Vista Ridge, L.P., for which a memorandum of groundwater lease has been recorded in the real property records of Burleson County for more than four years? Or is it the Trust/Vista Ridge LLC, based on the assignment, partial assignment, and/or sublease they received from Blue Water Vista Ridge, LLC?

**B.    Met Water Vista Ridge, L.P. ≠ Metropolitan Water Company, L.P.**

The plaintiff in this lawsuit is Met Water Vista Ridge, L.P.[10]  An entity named Metropolitan Water Company, L.P. is not a party to this lawsuit.

But based on factual background section of Vista Ridge LLC's motion to dismiss, this Court would be forgiven if it was under the impression that "Met Water" meant (i) Met Water Vista Ridge, L.P., (ii) Metropolitan Water Company, L.P., and/or (iii) both of those two entities together.  That is because Vista Ridge LLC repeatedly and incorrectly referenced the wrong entities while providing this Court with unnecessary and irrelevant information about both historical contracts and relationships and more recent litigation activity.

Merely by way of example, Vista Ridge LLC asserted in its motion that "Met Water" (by which it meant "Met Water Vista Ridge, L.P."[11]):

---

[9] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 7–8.

[10] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 6.

[11] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 1.

- executed the Groundwater Resources Marketing Agreement with Blue Water Systems, LP in 2006;[12]
- obtained a groundwater lease from Willie Lois Jones in December 2007;[13]
- executed the Partial Assignment of Groundwater Leases in February 2008;[14] and
- executed the Met Water Lease Assignment Agreement in October 2014.[15]

All of those assertions are incorrect; as shown by the very documents Vista Ridge LLC submitted, Metropolitan Water Company, L.P. was the signatory for all of those documents, not Met Water Vista Ridge, L.P.[16]

Later, Vista Ridge LLC asserted that (i) "[o]n May 8, 2020, Blue Water filed suit against Met Water in Washington County for multiple breaches of the Post-Closing Agreement and NDA";[17] and (ii) "Blue Water filed a[o]n July 2, 2021, Blue Water filed a Request for Anti-Suit Injunction to obtain specific performance of Met Water's contractual obligations . . . ."[18]  Again, Vista Ridge LLC improperly led this Court to believe that "Met Water" meant Met Water Vista Ridge, L.P.; in fact, each of those "Met Water" allegations refers to Metropolitan Water Company, L.P.[19]

Vista Ridge LLC appears to be making a deliberate effort to confuse and conflate Met Water Vista Ridge, L.P. and Metropolitan Water Company, L.P.  For example, Vista Ridge LLC

---

[12] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 4.

[13] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 4.

[14] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 5.

[15] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 5.

[16] *See* Groundwater Resources Marketing Agreement (Doc. 10-4), at 2, 13 (Metropolitan Water Company, L.P. was the signatory); Memorandum of Groundwater Lease (Doc. 10-3), at 1 (Metropolitan Water Company, L.P. was the lessee); Partial Assignment of Groundwater Leases (Doc. 10-5), at 2 (Metropolitan Water Company, L.P. was the signatory); Assignment of Met Water Lease Rights (Doc. 10-7), at 2, 4 (Metropolitan Water Company, L.P. was the signatory).

[17] Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 10.

[18] Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 10.

[19] *See* Anti-suit injunction (Doc. 10-18), at 2.

argues to this Court that a contract to which Met Water Vista Ridge, L.P. is not a party (the Groundwater Resources Marketing Agreement[20]) somehow obligated Met Water Vista Ridge, L.P. to "notify Blue Water about the Baldwin Lease and assign it to Blue Water."[21]

As shown above, Vista Ridge LLC does not have a firm grasp of the parties' rights and obligations under the various contracts it referenced.  Or even which entities were parties to each contract.  This Court would be prudent to verify each of Vista Ridge LLC's assertions with a source document.

### III.    ARGUMENTS AND AUTHORITIES

#### A.    Legal standards

A court should not dismiss a complaint, or any part of it, unless the plaintiff has failed to set forth factual allegations that would entitle it to plausible relief.[22]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23]

A district court's decision to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted is reviewed *de novo*.[24]

#### B.    Vista Ridge LLC's motion to dismiss relies on two documents that were not attached to or referenced in Met Water Vista Ridge, L.P.s original complaint, and this Court should not exercise its discretion to take judicial notice of the documents.

Vista Ridge LLC makes only two arguments that Met Water Vista Ridge, L.P.'s original

---

[20] *See* Groundwater Resources Marketing Agreement (Doc. 10-4), at 2, 13 (only Metropolitan Water Company, L.P., not Met Water Vista Ridge, L.P., was a signatory).

[21] Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 8.

[22] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[24] *See, e.g.*, *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 304 (5th Cir. 2021).

complaint must be dismissed: (i) the claims it asserts are barred by the Cooperation and Non-disturbance Agreement (the NDA);[25] and (ii) it is barred by the Washington County district court's anti-suit injunction.[26]  But neither of those documents is attached to or referenced in Met Water Vista Ridge, L.P.'s original complaint.

Because Vista Ridge LLC has filed a motion to dismiss based on Met Water Vista Ridge, L.P.'s *pleadings*, Vista Ridge LLC's motion is procedurally improper because it relies on extrinsic documents that are not referenced in the challenged pleading.  And this Court should not exercise its discretion to take judicial notice of those documents at this stage in the litigation, before the parties have conducted discovery.

### 1. In a motion to dismiss under Rule 12(b)(6), a trial court may only consider the pleading itself and any attachments, unless an exception applies.

A district court considering a motion to dismiss under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto."[27]  An exception to this exists when (i) extrinsic documents not attached to the challenged pleading are nevertheless referred to in the pleading; and (ii) are central to claims asserted.[28]  But when an extrinsic document is *not* referred to in a challenged pleading, the exception does not apply and the extrinsic document cannot be considered.[29]

---

[25] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 14–17.

[26] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 17–19.

[27] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[28] *See, e.g.*, *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

[29] *See, e.g.*, *Rollerson v. Brazos River Harbor Navigation Dist.*, 6 F.4th 633, 639 n.4 (5th Cir. 2021).

Here, Met Water Vista Ridge, L.P. attached two documents to its original complaint,[30] only one of which Vista Ridge LLC referenced in its motion.[31]  Vista Ridge LLC does not rely on either of those two documents for its two arguments to dismiss Met Water Vista Ridge, L.P.'s original complaint.[32]

Instead, Vista Ridge LLC attached a declaration and 18 exhibits to its motion to dismiss. Of the exhibits attached to Vista Ridge LLC's motion to dismiss, Met Water Vista Ridge, L.P.'s original complaint only (arguably) refers to three: (i) Exhibit 1, the Water Transmission and Purchase Agreement;[33] (ii) Exhibit 9, the Sublease and Partial Assignment;[34] and (iii) Exhibit 10, the Memorandum of Sublease.[35]  Vista Ridge LLC does not rely on any of those three documents to support its two arguments to dismiss Met Water Vista Ridge, L.P.'s original complaint.

The 15 remaining extrinsic documents that Vista Ridge LLC attached to its motion (Exhibits 2–8 and 11–18, which include the NDA and the anti-suit injunction) are not referenced anywhere in Met Water Vista Ridge, L.P.'s original complaint.  Under clear law from the Fifth Circuit, those extrinsic documents should not be considered by this Court as a basis to dismiss Met

---

[30] *See* Memorandum of Groundwater Lease (Doc. 1-2); Monthly Flow Reports From Well Sites (Doc. 1-3).

[31] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 4 n.3.

[32] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 14–19.

[33] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 2, 18–20; Vista Ridge Regional Supply Project Water Transmission and Purchase Agreement, Ninth Amendment (Doc. 10-2).

[34] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 3, 17; Sublease and Partial Assignment (Doc. 10-10).

[35] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 3, 17; Memorandum of Sublease (Doc. 10-11).

Water Vista Ridge, L.P.'s original complaint under Rule 12(b)(6).[36]

> **2.      This Court has discretion to take judicial notice of certain types of documents, but should not do so at this stage in this lawsuit.**

To its credit, Vista Ridge LLC acknowledges its problem with extrinsic documents, but asserts that this Court may take judicial notice of its 15 remaining exhibits under Rule 201 of the Federal Rules of Evidence.[37]  Vista Ridge LLC's motion is less clear in explaining that this Court has significant discretion to take judicial notice of certain documents under Rule 201 when considering a Rule 12(b)(6) motion to dismiss.[38]

First, Vista Ridge LLC argues that this Court should take judicial notice of the Washington County district court's anti-suit injunction as an order filed in another court.[39]  As Vista Ridge LLC points out, there is authority for this Court to do so.[40]  But as explained in more detail below, the anti-suit injunction has been stayed by the Fourteenth Court of Appeals,[41] and should therefore not be relied upon by this Court as a "fact that is not subject to reasonable dispute."[42]

Second, Vista Ridge LLC argues that this Court should take judicial notice of the NDA simply because it was filed in the Washington County lawsuit.[43]  But the cases Vista Ridge LLC

---

[36] *See Rollerson*, 6 F.4th at 639 n.4.

[37] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 11–14.

[38] *See, e.g.*, *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 588 (5th Cir. 2020).

[39] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 12–13.

[40] *See, e.g.*, *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020).

[41] *See* Letter order (Oct. 22, 2021), attached as Exhibit 1.

[42] *See* FED. R. EVID. 201(b).

[43] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 12–13.

cited involved courts taking judicial notice of **orders** issued by other courts or tribunals;[44] public documents published by government agencies;[45] and publicly available documents that are required to be filed by law with government agencies, like periodic public company filings.[46]

None of the cases that Vista Ridge LLC cited took judicial notice of any **attachments** to filings in other judicial proceedings.  When presented with that scenario, federal courts have rejected requests to take judicial notice of such documents.[47]

That makes perfect sense.  Taken to its logical conclusion, Vista Ridge LLC's argument would permit parties to file motions to dismiss **pleadings**, and in support of the motions rely on non-public documents generated and filed by other litigants in other forums.  Such a procedure is so far removed from the purpose of Rule 12 motions as to be unrecognizable.

This Court should exercise its discretion and decline to take judicial notice of both the Washington County anti-suit injunction and the NDA.  If this Court declines to take judicial notice of those two documents, Vista Ridge LLC's motion to dismiss must be denied, because the motion is entirely based on those two documents.

If this Court decides to exercise its discretion in favor of taking judicial notice of those two extrinsic documents (or any of the extrinsic documents that were not referred to Met Water Vista Ridge, L.P.'s original complaint), Vista Ridge LLC's Rule 12 motion to dismiss **may** be converted

---

[44] *See Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev. Inc.*, 972 F.3d 684, 688 n.9 (5th Cir. 2020); *Anderson*, 953 F.3d at 314.

[45] *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

[46] *See Basic Capital*, 976 F.3d at 588–89.

[47] *See, e.g.*, *In re EB Holdings II, Inc.*, 589 B.R. 704, 725 (Bankr. D. Nev. 2017) ("Neither side can establish the merits of their respective positions, however, without resorting to materials outside of the Petition.  This is hardly surprising when parties to the same agreement have created a record of litigation in one court before commencing proceedings in another court.")

into a Rule 56 motion for summary judgment.[48]  But such a conversion would be inappropriate under the law of this circuit, because Met Water Vista Ridge, L.P. has not had an adequate opportunity for discovery on the issues.[49]  In fact, no discovery has been conducted in this lawsuit, which was filed on July 8, 2021.

In sum, despite the number of exhibits it submitted, Vista Ridge LLC's motion to dismiss relies entirely on two extrinsic documents, the anti-suit injunction and the NDA.  Neither of those documents was attached or referred to in Met Water Vista Ridge, L.P.'s original complaint, and this Court should not exercise its discretion to take judicial notice of those documents.  And even if this Court does take judicial notice of those documents, it would require a conversion of Vista Ridge LLC's Rule 12 motion to dismiss to a Rule 56 motion for summary judgment, which is inappropriate under the circumstances because Met Water Vista Ridge, L.P. has not had an adequate time for discovery.

For any or all of those reasons, Vista Ridge LLC's Rule 12(b)(6) motion to dismiss is procedurally improper and should be denied.

**C.** **Vista Ridge LLC's argument that the NDA bars Met Water Vista Ridge, L.P.'s claims puts the cart before the horse: the NDA cannot bar Met Water Vista Ridge, L.P.'s claims, because it does not <u>apply</u> to those claims.**

Vista Ridge LLC's first substantive argument is that "Met Water's claims are expressly barred by the NDA."[50]  In reaching that conclusion, Vista Ridge reasoned: "Met Water's claims

---

[48] *See, e.g.*, *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 n.7 (5th Cir. 1993).

[49] *See, e.g.*, *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003) ("The district court plainly erred in treating Huber's deliberately limited motion for judgment on the pleadings as a motion for summary judgment without allowing discovery."); *Luna v. Am. Nat'l Ins. Co.*, No. EP-21-CV-00064-FM, 2021 U.S. Dist. LEXIS 90464, at *11 n.56 (W.D. Tex. May 12, 2021); *Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, No. H-11-1420, 2012 U.S. Dist. LEXIS 2116, at *14 n.8 (S.D. Tex. Jan. 9, 2012).

[50] Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 17.

are clearly within the scope of the claims barred by the NDA."[51]  That is not correct.

First, the only provision of the NDA that could conceivably bar Met Water Vista Ridge, L.P.'s suit is section 3.2, which discusses agreements not to join Vista Ridge LLC in certain actions or proceedings.[52]  Section 3.1 of the NDA, on the other hand, discusses agreements not to disturb and waivers of certain rights.[53]  While section 3.1 conceivably contains defenses to certain types of liability, it does not purport to bar actions or proceedings like section 3.2.  (Sections 2.1 and 4.2, which Vista Ridge LLC partially quotes in its motion,[54] describe rights, obligations, and remedies under the NDA—not waivers or releases of rights that could conceivably bar claims.[55])  Indeed, Vista Ridge LLC only cites section 3.2 of the NDA in its argument that the NDA bars Met Water Vista Ridge, L.P.'s claims.[56]

Second, section 3.2 does not bar Met Water Vista Ridge, L.P.'s suit.  Met Water Vista Ridge, L.P.'s claims concern the Baldwin Lease.[57]  Vista Ridge LLC's argument appears to assume that the Baldwin Lease is a "Lease" within the meaning of Section 3.2 of the NDA.[58]

But the Baldwin Lease is not a "Lease" within the meaning of the NDA.  The term "Lease" is defined by the NDA as a groundwater lease listed in (i) the Lease Assignment or (ii) the groundwater lease conveyance agreement, (ii) subleased to the Trust or Vista Ridge LLC, (iv)

---

[51] Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 16.

[52] *See* Cooperation and Non-disturbance agreement (Doc. 10-16), at 5.

[53] *See* Cooperation and Non-disturbance agreement (Doc. 10-16), at 5.

[54] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 9.

[55] *See* Cooperation and Non-disturbance agreement (Doc. 10-16), at 5, 7.

[56] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 15.

[57] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 22–29.

[58] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 15–16.

entered into for the benefit of the project, the Trust, or Vista Ridge LLC; or (v) required by any of the Transaction Documents:[59]

> **"Leases"** means all real property and/or groundwater leases in which Blue Water and/or Met Water presently have or may acquire any interest and which are: (i) described in Exhibit A to the Lease Assignment, or any amendment, supplement, modification, or the like thereto; (ii) described in Exhibit A to the GLCA; (iii) subleased or assigned to the Trust or Vista Ridge; (iv) entered into for the benefit of the Project, the Trust, or Vista Ridge; or (v) required by any of the Transaction Documents.

No part of that definition applies to the Baldwin Lease.

First, the Baldwin Lease could not have been listed in "Exhibit A to the Lease Assignment," which was executed on October 14, 2014.[60]  Vista Ridge LLC admits that the Baldwin Lease was taken almost two years later, on September 1, 2016.[61]

Second, and for the same reason, the Baldwin Lease could not have been listed in "Exhibit A to the GLCA."  The GLCA was executed on January 31, 2015.[62]

Third, the Baldwin Lease has not been subleased or assigned to the Trust.  Vista Ridge LLC has not produced or identified any sublease or assignment of the Baldwin Lease.  Nor could it—such a document does not exist.

Fourth, Met Water Vista Ridge, L.P. did not "enter[] into [the Baldwin Lease] for the benefit of the Project, the Trust or Vista Ridge."  Clearly not: the very purpose of this lawsuit is to vindicate Met Water Vista Ridge, L.P.'s rights in the Baldwin Lease, which has been improperly used by the Trust and Vista Ridge LLC for the Vista Ridge water supply project.

Fifth, none of the "Transaction Documents" require Met Water Vista Ridge, L.P. to

---

[59] *See* Cooperation and Non-disturbance agreement (Doc. 10-16), at 3.

[60] *See* Assignment of Met Water Lease Rights (Doc. 10-7), at 2.

[61] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 4.

[62] *See* Groundwater Lease Conveyance Agreement (Doc. 10-9), at 38.

provide, assign, or convey the Baldwin Lease to anyone, including Vista Ridge LLC, the Trust, or Blue Water Vista Ridge, LLC.  Even if such a requirement existed, it could no longer be enforced. All of the Transaction Documents were signed more than four years ago, the limitations period for breach-of-contract claims under Texas law.

In sum, the Baldwin Lease is not a "Lease" within the meaning of the NDA, including section 3.2.  Therefore, the NDA does not and cannot bar Met Water Vista Ridge, L.P.'s claims in this lawsuit.  Vista Ridge LLC's first substantive argument for dismissal is incorrect, and its motion to dismiss should be denied.

**D.     The Washington County district court's anti-suit injunction does not bar Met Water Vista Ridge, L.P. from pursuing its claims in this lawsuit.**

Vista Ridge LLC's second substantive argument is that "[c]onsistent with the Anti-Suit Injunction, this Court should dismiss Met Water's action in favor of the already-pending and nearly-concluded Washington County case that will decide whether Met Water has any rights under the Baldwin Lease."[63]  Met Water Vista Ridge, L.P.'s claims are not barred by the anti-suit injunction, either.

**1.     The anti-suit injunction has been stayed by the Fourteenth Court of Appeals, and trial in the Washington County lawsuit has been continued to April 2022.**

The anti-suit injunction, by its own terms, does not apply to Met Water Vista Ridge, L.P., and therefore does not affect Met Water Vista Ridge, L.P.'s claims in this lawsuit.  Nevertheless, Vista Ridge LLC asserts that "the Anti-Suit Injunction covers Met Water's claims in this action."[64]

Regardless of its merits, Vista Ridge LLC's argument is currently moot.  Metropolitan Water Company, L.P. (which was subject to the anti-suit injunction but is not a party before this

---

[63] Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 19.

[64] Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 17.

Court) immediately appealed the anti-suit injunction on July 19, 2021, and that appeal is currently pending in the Fourteenth Court of Appeals.

After Vista Ridge LLC filed its motion to dismiss on September 17, 2021, the Fourteenth Court of Appeals granted Metropolitan Water Company, L.P.'s emergency motion for stay of the anti-suit injunction on October 22, 2021.[65]   A copy of the Fourteenth Court of Appeals's letter order is attached to this response as Exhibit 1.  The anti-suit injunction is currently stayed with respect to this lawsuit.[66]

Moreover, Vista Ridge LLC encouraged this Court to dismiss Met Water Vista Ridge, L.P.'s claims because they would "be decided at a trial in Washington County that is scheduled to begin on October 18, 2021."  Trial in the Washington County lawsuit was recently continued, until April 4, 2022, and is no longer imminent.[67]

> ### 2.      Even if the anti-suit injunction had not been stayed, it would not bar Met Water Vista Ridge, L.P.'s claims in this Court.

Even if the Washington County district court's anti-suit was currently in force—which it is not—the injunction would not bar Met Water Vista Ridge, L.P.'s claims in this lawsuit, for two reasons: (i) Met Water Vista Ridge, L.P., though a named defendant at the time the anti-suit injunction was signed, was not mentioned in the anti-suit injunction; and (ii) the Washington County district court has no power to prevent a person from filing suit in a federal court.

> #### a.      The anti-suit injunction does not enjoin Met Water Vista Ridge, L.P.

Vista Ridge LLC admits in its motion to dismiss that the anti-suit injunction was issued

---

[65] *See* Ex. 1 (letter order).

[66] *See* Ex. 1 (letter order).

[67] *See* Email from Washington County court coordinator (Oct. 1, 2021), attached as Exhibit 2.

against Metropolitan Water Company, L.P., and does not mention Met Water Vista Ridge, L.P.:[68]

> county of this State against Vista Ridge, LLC."[23]  **The Anti-Suit Injunction expressly enjoins not only Metropolitan Water Company, LP, but also all of its officers, agents, and attorneys and those in concert with them.**  In this action, Met Water, by and through its president Scott Carlson and its same attorneys in the Washington County case, indisputably asserts causes of action against Vista Ridge that arise from the Vista Ridge groundwater project.  **Thus, the Anti-Suit Injunction covers Met Water's claims in this action.**

In an effort to avoid what appears to be a clear answer, Vista Ridge LLC argues that the indefinite reference to "those in active concert or participation with them who receive actual notice of this order" encompasses Met Water Vista Ridge, L.P. without explicitly saying so.[69]

But that makes little sense: the Washington County district court issued the order granting the anti-suit injunction on July 12, 2021,[70] *after* Met Water Vista Ridge, L.P. had already been added as a named defendant in the Washington County lawsuit.[71]  Why would the Washington County district court's order fail to mention a party defendant it intended to enjoin?  The answer is simpler than Vista Ridge LLC would have this Court believe: because the Washington County district court did not intended to enjoin Met Water Vista Ridge, L.P.

> **b.  Under federal law, the Washington County district court could not have enjoined Met Water Vista Ridge, L.P. from filing that claims it did in this lawsuit.**

Even if the anti-suit injunction was in force and applied to Met Water Vista Ridge, L.P.—

---

[68] Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 17.

[69] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 17.

[70] *See* Anti-suit injunction (Doc. 10-18), at 5.

[71] *See* Plaintiffs' third amended petition (Doc. 10-17), at 2, 5, 35 (claims filed Met Water Vista Ridge, L.P. on July 8, 2021).

neither of which is true—the Washington County district court did not have the constitutional power to enjoin Met Water Vista Ridge, L.P. from filing or prosecuting a lawsuit in federal court. It is black-letter law from the Supreme Court of the United States that "it is impermissible for a state court to enjoin a party from proceeding in a federal court . . . ."[72]

Vista Ridge LLC again attempts to avoid what appears to be a clear answer by asserting that Met Water Vista Ridge, L.P.'s trespass-to-try-title claims are actually *quasi in rem* proceedings, and therefore the Washington County district court validly asserted jurisdiction over a *res*: title to the Baldwin Lease.[73]  But Vista Ridge LLC has misunderstood the pleadings in the Washington County lawsuit, in a manner fatal to its argument.

Vista Ridge LLC is correct that, under Texas law, a trespass-to-try-tile claim is a *quasi in rem* proceeding.[74]  But this is not a situation where both this Court and the Washington County district court are attempting to exercise *in rem* or *quasi in rem* jurisdiction over the same property.

On one hand, Met Water Vista Ridge, L.P. has clearly asked this Court to exercise jurisdiction over title to the Baldwin Lease, because it has filed trespass-to-try-title claims against Vista Ridge LLC and the Burleson/Milam Master Lease Trust.[75]

But no party in the Washington County lawsuit has asked the district court to assert jurisdiction over the same *res*, title to the Baldwin Lease.  No party has filed a claim for trespass to try title, to quiet title, or a declaratory-judgment action to determine title.  To the contrary, as of

---

[72] *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 236 n.9 (1998); *see Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964).

[73] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 17–18.

[74] *See, e.g.*, *Reed v. Turner*, 489 S.W.2d 373, 379 (Tex. App.—Tyler 1972, writ ref'd n.r.e.); *State v. Bryan*, 210 S.W.2d 455, 463 (Tex. App.—Austin 1948, no writ).

[75] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 22–25.

July 8, 2021 (the date Met Water Vista Ridge, L.P. filed this lawsuit), the only cause of action in the Washington County lawsuit that mentioned a groundwater lease with Mr. Baldwin was a breach-of-contract claim, which sought specific performance of a contract right to convey the Baldwin Lease:

<div style="border:1px solid black; padding:1em;">

### CAUSES OF ACTION

**A.   Breach of Contract**

63.   Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

64.   BWS and BWVR seek specific performance of Met Water's contractual obligations under Section II, subsection (2) of the Post-Closing Agreement and sections 3.1-3.2 of the NDA.  BWS and BWVR also seek a final judgment compelling Met Water to turn over all Vista Ridge Lease Files in Met Water's or MWVR's possession to BWVR and to dismiss with prejudice the Trustee of the Burleson/Milam Trust, Wilmington Trust, N.A., from, and all claims for injunctive relief in, the Travis County Case.  BWS and BWVR also seek specific performance of the 2014 Lease Assignment Agreement and 2016 Post-Closing Agreement and seek assignment of all leases taken in the name of Met Water, MWVR, or any other affiliated entity, for tracts that were included in the 2014 Lease Assignment, or otherwise included within Vista Ridge Leases, specifically including the Joe Baldwin lease taken by MWVR.

</div>

It is also black-letter Texas law that a suit for specific performance of a contract for land (or an interest in land) is an *in personam* action against a party—not an *in rem* or *quasi in rem* proceeding involving title to land.[76]

The Washington County district court's anti-suit injunction was not issued to protect its

---

[76] *See, e.g.*, *Miller v. Rusk*, 17 Tex. 170, 171 (1856); *Burkitt v. Wynne*, 132 S.W. 816, 821 (Tex. App.—Houston [1st Dist.] 1910, writ ref'd).

jurisdiction over a particular *res*; in fact, it is not exercising *in rem* or *quasi in rem* jurisdiction at all. Unlike this Court, which has been asked to adjudicate title to the Baldwin Lease.

Therefore, no exception applies to the general rule that state courts cannot enjoin litigants from filing suit in federal court, and the Washington County district court's anti-suit injunction does not bar Met Water vista Ridge, L.P. from pursuing claims in this lawsuit. Vista Ridge LLC's motion to dismiss should be denied on this ground as well.

## IV.    CONCLUSION

For these reasons, plaintiff Met Water Vista Ridge respectfully requests an order denying defendant Vista Ridge LLC's motion to dismiss Plaintiff's original complaint (Doc. 10); and for such other and further relief to which Met Water Vista Ridge may be justly entitled.

Dated: October 22, 2021

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
James Hatchitt
State Bar No. 24072478
jhatchitt@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorney for plaintiff Met Water Vista Ridge, L.P.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was delivered on October 22, 2021, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, to the parties listed and in

the manner indicated below:

| | |
|---|---|
| Mike Stenglein<br>mstenglein@kslaw.com<br>Edward F. Fernandes<br>efernandes@kslaw.com<br>Christopher H. Taylor<br>ctaylor@kslaw.com<br>KING & SPALDING, LLP<br>500 West 2nd Street, Suite 1800<br>Austin, Texas 78701<br>Tel. (512) 457-2000<br>Fax (512) 457-2100 | ✓ Electronic service<br>☐ In person<br>☐ Registered mail, return receipt requested<br>☐ Commercial delivery service<br>☐ Facsimile<br>☐ Electronic mail |

*Attorneys for defendant Vista Ridge LLC*

| | |
|---|---|
| Tricia W. Macaluso<br>tricia.macaluso@bclplaw.com<br>BRYAN CAVE LEIGHTON PAISNER, LLP<br>2200 Ross Avenue, Suite 3300<br>Dallas, Texas 75201<br>Tel. (214) 721-8000<br>Fax (214) 721-8100 | ✓ Electronic service<br>☐ In person<br>☐ Registered mail, return receipt requested<br>☐ Commercial delivery service<br>☐ Facsimile<br>☐ Electronic mail |

*Attorney for defendant Wilmington Trust, N.A., as Trustee for the Burleson/Milam Master Lease Trust*

| | |
|---|---|
| Paul M. Terrill<br>pterrill@terrillwaldrop.com<br>Ryan D. V. Greene<br>rgreene@terrillwaldrop.com<br>TERRILL & WALDROP<br>810 West 10th Street<br>Austin, Texas 78701<br>Tel. (512) 474-9100<br>Fax (512) 474-9888 | ✓ Electronic service<br>☐ In person<br>☐ Registered mail, return receipt requested<br>☐ Commercial delivery service<br>☐ Facsimile<br>☐ Electronic mail |

Stacey V. Reese
stacey@staceyreese.law
STACEY REESE LAW, PLLC
910 West A venue, Suite 15
Austin, Texas 78701

Tel. (512) 535-0742

Fax (512) 233-5917

*Attorneys for non-party Blue Water Vista Ridge, LLC*

_____

James Hatchitt