IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MET WATER VISTA RIDGE, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | Civil No. 1:21-CV-604-LY |
| VISTA RIDGE LLC; and WILMINGTON | § | |
| TRUST, N.A., as Trustee for the | § | |
| Burleson/Milam Master Lease Trust, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO WILMINGTON TRUST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND ALTERNATIVELY, FOR FORUM NON CONVENIENS, AND MEMORANDUM IN SUPPORT**

Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
James Hatchitt
State Bar No. 24072478
jhatchitt@howrybreen.com
HOWRY BREEN & HERMAN, L.L.P.
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorney for plaintiff Met Water Vista Ridge, L.P.*

# Table of Contents

Table of Authorities .................................................................................................... 4

I.     INTRODUCTION ........................................................................................... 6

II.    BACKGROUND ............................................................................................. 7

       A.     Met Water Vista Ridge, L.P. and the Baldwin lease ............................... 7

       B.     The Washington County lawsuit ............................................................. 9

III.   ARGUMENTS AND AUTHORITIES ........................................................... 10

       A.     Legal standards ................................................................................... 10

       B.     Met Water Vista Ridge, L.P. has pleaded sufficient facts to state a claim
              for relief that is plausible on its face for all its claims. ........................ 11

              1.     The facts Met Water Vista Ridge, L.P. alleged for its trespass-to-
                     try-title claims met pleading requirements, and were clearly
                     sufficient to apprise Vista Ridge LLC of the basis for the claims. ........... 11

              2.     Wilmington Trust's interpleading of certain funds in the
                     Washington County lawsuit *may* moot Met Water Vista Ridge,
                     L.P.'s current claim for money had and received, but does not bar
                     potential future claims. .................................................................... 13

              3.     Met Water Vista Ridge, L.P.'s request for declaratory relief is
                     straight-forward and well-pleaded. .................................................... 14

              4.     Wilmington Trust has misunderstood Met Water Vista Ridge,
                     L.P.'s request for injunctive relief; it is equitable relief, not a cause
                     of action. ........................................................................................ 16

       C.     Dismissal of Met Water Vista Ridge, L.P.'s original complaint is not
              appropriate based on *forum non conveniens*. ...................................... 17

              1.     Wilmington Trust's *forum non conveniens* argument relies on two
                     documents that were not attached to or referenced in Met Water
                     Vista Ridge, L.P.s original complaint, and this Court should not
                     exercise its discretion to take judicial notice of those documents. ......... 18

                     a.     In a motion to dismiss under Rule 12(b)(6), a trial court
                            may only consider the pleading itself and any attachments,
                            unless an exception applies. ................................................... 18

                     b.     This Court has discretion to take judicial notice of certain
                            types of documents, but should not do so at this stage in
                            this lawsuit. ........................................................................ 19

              2.     The anti-suit injunction does not bar Met Water Vista Ridge, L.P.'s
                     claims in this lawsuit. .......................................................................... 21

a.    The anti-suit injunction has been stayed by the Fourteenth Court of Appeals, and trial in the Washington County lawsuit has been continued to April 2022. ................................... 22

b.    Even if the anti-suit injunction had not been stayed, it would not bar Met Water Vista Ridge, L.P.'s claims in this Court. ......................................................................................... 22

i.    The anti-suit injunction does not enjoin Met Water Vista Ridge, L.P. ................................................ 23

ii.    Under federal law, the Washington County district court could not have enjoined Met Water Vista Ridge, L.P. from filing that claims it did in this lawsuit. .............................................................. 24

3.    The order permitting Wilmington Trust to interplead certain funds does not bar Met Water Vista Ridge, L.P.'s claims to determine ownership and use of the Baldwin Lease. ................................. 27

IV.    CONCLUSION ......................................................................................... 28

CERTIFICATE OF SERVICE ........................................................................... 29

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................ 10

*Baker v. Gen. Motors Corp.*,
522 U.S. 222 (1998)........................................................................................ 24

*Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*,
976 F.3d 585 (5th Cir. 2020) ........................................................................ 20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................ 10

*Brumley v. McDuff*,
616 S.W.3d 826 (Tex. 2021)........................................................................... 11

*Burkitt v. Wynne*,
132 S.W. 816 (Tex. App.—Houston [1st Dist.] 1910, writ ref'd) .......................... 26

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) ........................................................................ 18

*Davis v. Gillen*,
227 S.W.2d 834 (Tex. App.—Beaumont 1949, writ ref'd n.r.e.)............................ 16

*Donovan v. City of Dallas*,
377 U.S. 408 (1964)........................................................................................ 24

*DSTJ, L.L.P. v. M & M Res., Inc.*,
No. 09-06-073 CV, 2006 Tex. App. LEXIS 4343 (Tex. App.—Beaumont May 18,
2006, no pet.) ................................................................................................. 16

*Garcia v. Tubbs*,
300 S.W.2d 736 (Tex. App.—Beaumont 1957, writ ref'd n.r.e.)............................ 16

*H.E.B., L.L.C. v. Ardinger*,
369 S.W.3d 496 (Tex. App.—Fort Worth 2012, no pet.) ....................................... 13

*Hester v. Bell-Textron, Inc.*,
11 F.4th 301 (5th Cir. 2021) ........................................................................... 11

*Martin v. Amerman*,
133 S.W.3d 262 (Tex. 2004)........................................................................... 11

*Miller v. Rusk*,
17 Tex. 170 (1856)........................................................................................... 26

*Reed v. Turner*,
489 S.W.2d 373(Tex. App.—Tyler 1972, writ ref'd n.r.e.)................................... 25

*Rollerson v. Brazos River Harbor Navigation Dist.*,
6 F.4th 633 (5th Cir. 2021) ........................................................................... 19

*State v. Bryan*,
210 S.W.2d 455 (Tex. App.—Austin 1948, no writ) .............................................................. 25

*Taylor v. Charter Med. Corp.*,
162 F.3d 827 (5th Cir. 1998) .................................................................................................. 20

*Villarreal v. Wells Fargo Bank, N.A.*,
814 F.3d 763 (5th Cir. 2016) .................................................................................................. 19

*Wooley v. Haynes & Boone, L.L.P. (In re Si Restructuring Inc.)*,
480 F. App'x 327 (5th Cir. 2012) ............................................................................................ 20

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MET WATER VISTA RIDGE, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | Civil No. 1:21-CV-604-LY |
| VISTA RIDGE LLC; and WILMINGTON | § | |
| TRUST, N.A., as Trustee for the | § | |
| Burleson/Milam Master Lease Trust, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO WILMINGTON TRUST'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT AND ALTERNATIVELY, FOR FORUM
NON CONVENIENS, AND MEMORANDUM IN SUPPORT**

Plaintiff Met Water Vista Ridge, L.P. files this response in opposition to Wilmington Trust's motion to dismiss Plaintiff's complaint and, alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12); and in support thereof would respectfully show as follows:

## I.       INTRODUCTION

This lawsuit concerns the ownership of a particular groundwater lease in Burleson County, Texas. Met Water Vista Ridge, L.P. has had a memorandum of lease publicly recorded in Burleson County for more than five years. But defendant Wilmington Trust, N.A., as Trustee of the Burleson/Milam Master Lease Trust (the Trust), purported to issue a sublease of groundwater rights to Vista Ridge LLC, which has improperly withdrawn hundreds of millions of gallons from land covered by that lease and sold it to the City of San Antonio for more than $10 million. Vista Ridge LLC claims it had authority to take those unauthorized actions based on that purported sublease.

Wilmington Trust has moved to dismiss Met Water Vista Ridge, L.P.'s claims in this lawsuit under Rule 12(b)(6), claiming that Met Water Vista Ridge, L.P.'s claims are not sufficiently plead, and are furthered barred by two orders issued by the 21st District Court of Washington County, Texas: (i) an anti-suit injunction and (ii) an order permitting the interpleader of certain disputed funds.  Wilmington Trust is wrong, and its motion to dismiss should be denied, for the following reasons:

- Met Water Vista Ridge, L.P. has pleaded sufficient factual allegations to state plausible claims for relief.  Wilmington Trust's complaints notwithstanding, those allegations meet federal pleading standards, as evidenced by Vista Ridge LLC's ability to decipher and respond to all the allegations in its own motion to dismiss.

- Dismissal based on the doctrine of *forum non* conveniens is not appropriate.  Wilmington Trust improperly attaches and relies on two orders from the Washington County district court.  Even if this Court exercises its discretion to take judicial notice of those orders— which it should not—the anti-suit injunction has been stayed; it does not apply to Met Water Vista Ridge, L.P.'s claims in this lawsuit; and the interpleader order has no effect on Met Water Vista Ridge, L.P.'s claims regarding ownership and use of the groundwater rights to the land covered by the Baldwin Lease.

For these reasons, plaintiff Met Water Vista Ridge, L.P. respectfully requests an order denying Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12); and for such other and further relief to which Met Water Vista Ridge, L.P. may be justly entitled.

## II.     BACKGROUND

### A.     Met Water Vista Ridge, L.P. and the Baldwin lease

Met Water Vista Ridge, L.P. is the lessee of a groundwater lease with Joe Baldwin regarding a 3.77-acre tract of land Mr. Baldwin owns in Burleson County, Texas (Baldwin Lease).[1] Met Water Vista Ridge, L.P.'s claims in this lawsuit relate to the ownership of the Baldwin Lease,

---

[1] *See* Memorandum of Groundwater Lease (Doc. 1-2).

and for proceeds earned from groundwater improperly withdrawn from land subject to the Baldwin Lease.[2]

The defendants in the lawsuit are Vista Ridge LLC and Wilmington Trust, as trustee of the Trust.[3] Vista Ridge LLC is the project company responsible for the Vista Ridge water supply project, which delivers 44.6 million gallons of water per day from Burleson County, Texas, to the City of San Antonio through a 142-mile pipeline.[4]

In or around 2017, Vista Ridge LLC began drilling and constructing two groundwater wells on land subject to the Baldwin Lease without permission from Met Water Vista Ridge, L.P. Since April 2020, Vista Ridge LLC has been producing and selling millions of gallons of groundwater to the San Antonio Water System (SAWS) through the Vista Ridge pipeline, also without Met Water Vista Ridge, L.P.'s permission.[5]

Vista Ridge LLC's actions to drill and construct groundwater wells on land subject to the Baldwin Lease, and to produce and sell groundwater from those wells, appear to have been taken pursuant to a purported sublease with the Trust.[6] Vista Ridge LLC has asserted in this lawsuit that it received a sublease and partial assignment of leases and lease rights from Blue Water Vista Ridge, LLC on June 24, 2015, for groundwater leases dedicated to the Vista Ridge water supply

---

[2] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 22–29.

[3] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 7–8.

[4] *See, e.g.*, Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 2–3.

[5] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 2, 16–18, 20.

[6] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 17.

project.[7]  Vista Ridge LLC asserts this sublease and partial assignment included rights to the Baldwin Lease.[8]

Vista Ridge LLC has also asserted in this lawsuit that on June 24, 2015, Blue Water Vista Ridge, LLC assigned whatever remaining interests it had in the Vista Ridge groundwater leases to the Trust, subject to Vista Ridge LLC's sublease and partial assignment.[9]  In other words, the Trust has been the legal title holder of groundwater leases dedicated to the Vista Ridge water supply project since June 24, 2015, and Vista Ridge LLC has a sublease and partial assignment of those same groundwater leases.

The primary question for this Court to resolve in this lawsuit is: who possesses legal title to the Baldwin Lease?  Is it Met Water Vista Ridge, L.P., for which a memorandum of groundwater lease has been recorded in the real property records of Burleson County for more than four years?  Or is it the Trust/Vista Ridge LLC, based on the assignment, partial assignment, and/or sublease they received from Blue Water Vista Ridge, LLC?

## B.     The Washington County lawsuit

The plaintiff in this lawsuit is Met Water Vista Ridge, L.P.[10]  An entity named Metropolitan Water Company, L.P. is not a party to this lawsuit.

Blue Water Vista Ridge, LLC filed a lawsuit against Metropolitan Water Company, L.P. in Burleson County in May 2020 (which was later transferred to Washington County in June

---

[7] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 7.

[8] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 4, 7–8.

[9] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 7–8.

[10] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 6.

2020).[11]  Met Water Vista Ridge, L.P. was named as a defendant in the Washington County lawsuit for the first time on July 8, 2021, the same date this lawsuit was filed.[12]

On July 12, 2021, the Washington County district court issued an anti-suit injunction that purported to enjoin Metropolitan Water Company, L.P. (not Met Water Vista Ridge, L.P., the plaintiff in this lawsuit) from asserting or prosecuting certain causes of action.[13]  At the time, Wilmington Trust was not a party to the Washington County lawsuit.

Later, on August 19, 2021, Wilmington Trust intervened in the Washington County lawsuit and filed a motion to interplead certain funds.[14]  One week later, on August 26, 2021, the Washington County district court issued the interpleader order.[15]  Wilmington Trust cites and relies on both of those orders in this motion to dismiss.

## III.     ARGUMENTS AND AUTHORITIES

### A.     Legal standards

A court should not dismiss a complaint, or any part of it, unless the plaintiff has failed to set forth factual allegations that would entitle it to plausible relief.[16]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17]

---

[11] *See* Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 2–3.

[12] *See* Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 2–3.

[13] *See* Anti-suit injunction (Doc. 12-1), at 259–62.

[14] *See* Interpleader order (Doc. 12-1), at 264–66.

[15] *See* Interpleader order (Doc. 12-1), at 264–66.

[16] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court's decision to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted is reviewed *de novo*.[18]

**B.**     **Met Water Vista Ridge, L.P. has pleaded sufficient facts to state a claim for relief that is plausible on its face for all its claims.**

First, Wilmington Trust challenges the factual allegations in every single cause of action and equitable remedy that Met Water Vista Ridge, L.P. has filed in this lawsuit.  Wilmington Trust's objections are not well-founded; Met Water Vista Ridge, L.P. has satisfied federal pleading standards under Rule 8 of the Federal Rules of Civil Procedure.  This portion of Wilmington Trust's motion to dismiss should be denied, as explained below.

**1.**     **The facts Met Water Vista Ridge, L.P. alleged for its trespass-to-try-title claims met pleading requirements, and were clearly sufficient to apprise Vista Ridge LLC of the basis for the claims.**

Regarding Met Water Vista Ridge, L.P.'s claim for trespass to try title, Wilmington Trust complains that it "does not have enough information to even ascertain what [Met Water Vista Ridge, L.P.] is trying to allege against Wilmington Trust and it is not on notice of a claim against it."[19]  To the contrary, Met Water Vista Ridge, L.P. has pleaded facts to state a plausible claim for relief, as evidenced by Vista Ridge LLC's ability to respond to those same factual allegations.

A claim for trespass to try title in Texas requires proof of (i) a regular chain of title of conveyances from the sovereign to the plaintiff; (ii) a superior title to that of the defendant out of a common source; (iii) title by limitations; or (iv) prior possession which has not been abandoned.[20]  Here, Met Water Vista Ridge, L.P. has alleged that:

---

[18] *See, e.g.*, *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 304 (5th Cir. 2021).

[19] Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 7.

[20] *See, e.g.*, *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004), *superseded by statute on other grounds as stated in Brumley v. McDuff*, 616 S.W.3d 826 (Tex. 2021).

- It is the lessee of the Baldwin Lease, a groundwater lease for which a memorandum of lease was recorded in Burleson County.[21]

- Vista Ridge LLC has improperly conducted operations on the land covered by the Baldwin Lease, including drilling operations, construction of pumps, laying pipeline, and withdrawing groundwater.[22]

- Vista Ridge LLC was acting pursuant to a purported sublease of rights from the Trust.[23]

- The Trust does not have a groundwater lease with Mr. Baldwin for the tract of land in question, for which it could issue a sublease.[24]

Those factual allegations state a claim for trespass to try title against Wilmington Trust (as trustee of the Trust) that is plausible on its face. They assert that Met Water Vista Ridge, L.P. has superior title to the groundwater rights in the land covered by the Baldwin Lease, in comparison to Vista Ridge LLC and the Trust.

In its motion to dismiss, Vista Ridge LLC had no difficulty deciphering and responding to those allegations. It claims it entered into a Sublease and Partial Assignment with Blue Water Vista Ridge, LLC for certain groundwater leases on June 24, 2015, which included (or should have included) the Baldwin Lease.[25] And Vista Ridge LLC claims that on the same day (June 24, 2015), Blue Water Vista Ridge, LLC assigned certain groundwater leases to the Trust subject to the

---

[21] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 13–14.

[22] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 16, 18, 24.

[23] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 17, 25.

[24] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 17.

[25] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 7–8; Sublease and Partial Assignment (Doc. 10-10).

sublease, consolidating all current ownership interests in those groundwater leases with the Trust.[26]

Vista Ridge LLC was able to understand and respond to Met Water Vista Ridge, L.P.'s cause of action for trespass to try title; Wilmington Trust's claim that it cannot do so is not credible. This objection should be denied.

### 2. Wilmington Trust's interpleading of certain funds in the Washington County lawsuit *may* moot Met Water Vista Ridge, L.P.'s current claim for money had and received, but does not bar potential future claims.

Wilmington Trust complains that Met Water Vista Ridge, L.P. "does not allege any conduct undertaken by Wilmington Trust" regarding the claims for money had and received, and "[Met Water Vista Ridge, L.P.] fail[ed] to provide a single factual statement to support its allegations . . . ."[27]  Those statements are not correct, but Wilmington Trust's decision to interplead funds into the registry of the Washington County district court *may* render Met Water Vista Ridge, L.P.'s claim against the Trust for money had and received moot—for now.

First, a claim for money had and received in Texas simply requires proof that (i) one person hold money that (ii) in equity and good conscience belongs to another.[28]  Here, Met Water Vista Ridge, L.P. has alleged that:

- It is the lessee of the Baldwin Lease, a groundwater lease for which a memorandum of lease was recorded in Burleson County,[29]

- Vista Ridge LLC has improperly withdrawn approximately 6,500 acre-feet of groundwater

---

[26] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 7–8; Assignment of Leases (Doc. 10-12).

[27] Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 7.

[28] *See, e.g.*, *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth 2012, no pet.).

[29] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 13–14.

from land covered by the Baldwin Lease.[30]

- Vista Ridge LLC has sold that groundwater to SAWS for approximately $10 million.[31]

- Vista Ridge LLC has transferred a portion of those funds to the Trust.[32]

Those factual allegations state a claim for money had and received against Wilmington Trust (as trustee of the Trust) that is plausible on its face. They assert that Wilmington Trust is in possession of funds that belong to Met Water Vista Ridge, L.P., which is all the proof required for such a claim under Texas law.

Second, Met Water Vista Ridge, L.P. agrees that if Wilmington Trust is **_no longer in possession_** of any funds it received from Vista Ridge LLC, there is no claim for money had and received at this time. But unless and until there is evidence of that fact—of which Wilmington Trust submitted none with its motion to dismiss—Met Water Vista Ridge, L.P.'s claim against Wilmington Trust is live.

Vista Ridge LLC will be receiving payments from SAWS and making annual payments to the Trust for the next 29 years, however. Even if Wilmington Trust provides evidence that it is no longer in possession of any funds received from Vista Ridge LLC, Met Water Vista Ridge, L.P.'s should not be dismissed with prejudice, given the recurring nature of the annual payments.

### 3. Met Water Vista Ridge, L.P.'s request for declaratory relief is straight-forward and well-pleaded.

As to Met Water Vista Ridge, L.P.'s claims for declaratory relief, Wilmington Trust argues

---

[30] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 18.

[31] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 20.

[32] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 17.

that Met Water Vista Ridge, L.P. "only sets forth . . . conclusory statements and fails entirely to plead any facts in support, provide a copy of the lease allegedly at issue, or include any information that would reasonable, or include any information that would reasonably put Wilmington Trust on notice" of a justiciable controversy.[33] But like Wilmington Trust's complaints about Met Water Vista Ridge, L.P's trespass-to-try-title claims, these are also unfounded.

Met Water Vista Ridge, L.P. has alleged that:

- It is the lessee of the Baldwin Lease, a groundwater lease for which a memorandum of lease was recorded in Burleson County.[34]

- The Baldwin Lease grants to Met Water Vista Ridge, L.P. the sole and exclusive rights to, among other things, drill for, produce, sell, , and transport ground from land covered by the lease.[35]

- Vista Ridge LLC has improperly conducted operations on the land covered by the Baldwin Lease, including drilling operations, construction of pumps, laying pipeline, and withdrawing groundwater.[36]

- Vista Ridge LLC was acting pursuant to a purported sublease of rights from the Trust.[37]

- The Trust does not have a groundwater lease with Mr. Baldwin for the tract of land in question.[38]

Those factual allegations, if proved, will support Met Water Vista Ridge, L.P.'s requests

---

[33] Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 8.

[34] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 13–14.

[35] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 15.

[36] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 16, 18, 24.

[37] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 17, 25.

[38] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 17.

for declaratory relief:

- The Lease is valid and enforceable.
- Met Water Vista Ridge is the sole lessee under the Lease.
- Vista Ridge LLC and the Trust have no rights under the Lease.
- Vista Ridge LLC and the Trust have no rights in or to the groundwater estate for the Land.[39]

Wilmington Trust's challenge to Met Water Vista Ridge, L.P.'s declaratory-judgment pleadings should be rejected.

> **4.      Wilmington Trust has misunderstood Met Water Vista Ridge, L.P.'s request for injunctive relief; it is equitable relief, not a cause of action.**

Wilmington Trust objects that Met Water Vista Ridge, L.P. "[did] not include allegations indicating what conduct it seeks to enjoin" nor "specify the relief it is seeking relevant to Wilmington Trust."[40]   Again, Wilmington Trust references the relevant factual allegations in its complaint but claims not to understand them.

Met Water Vista Ridge, L.P. alleged that Vista Ridge LLC was severing and withdrawing groundwater from the land covered by the Baldwin Lease, and that it was doing so pursuant to a sublease from the Trust.[41]   And that removing resources from real property (like groundwater) constituted irreparable harm under Texas law.[42]

And that Met Water Vista Ridge, L.P. is seeking injunctive relief to "order Vista Ridge

---

[39] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 27.

[40] Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 8.

[41] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 35.

[42] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 35 (citing *DSTJ, L.L.P. v. M & M Res., Inc.*, No. 09-06-073 CV, 2006 Tex. App. LEXIS 4343, at *6 (Tex. App.—Beaumont May 18, 2006, no pet.), *Davis v. Gillen*, 227 S.W.2d 834, 837 (Tex. App.—Beaumont 1949, writ ref'd n.r.e.), *and Garcia v. Tubbs*, 300 S.W.2d 736, 739 (Tex. App.—Beaumont 1957, writ ref'd n.r.e.)).

LLC (and anyone acting in concert with it, or under its direction or control)" to immediately cease all operations on the land covered by the Baldwin Lease.[43] That request for relief applies to Wilmington Trust, as a party "acting in concert with" Vista Ridge LLC, pursuant to a purported sublease.[44]

Wilmington Trust's objections to Met Water Vista Ridge, L.P.'s request for injunctive relief is not well founded, and should be denied.

## C. Dismissal of Met Water Vista Ridge, L.P.'s original complaint is not appropriate based on *forum non conveniens*.

In addition to its objections to the factual allegations in Met Water Vista Ridge, L.P.'s original complaint, Wilmington Trust has also moved to dismiss the complaint based on the doctrine of *forum non conveniens*.[45] First, Wilmington Trust's arguments regarding *forum non conveniens* should be denied because they are procedurally improper. They are based entirely on extrinsic documents that were not attached to or referenced in Met Water Vista Ridge, L.P.'s original complaint, and are not subject to any exception to the general rule that such documents cannot be considered in support of a motion to dismiss under Rule 12.

Second, even if those two documents are considered in support of Wilmington Trust's motion to dismiss—which they should not be—they are not a basis to dismiss Met Water Vista Ridge, L.P.'s original complaint. The anti-suit injunction has been stayed, and regardless, does not apply to the claims Met Water Vista Ridge, L.P. has asserted in this lawsuit. And the order

---

[43] Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶ 32.

[44] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 32, 35.

[45] *See* Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 9–11.

allowing Wilmington Trust to interplead certain funds has no effect on Met Water's claims regarding ownership of the Baldwin Lease.

1. **Wilmington Trust's *forum non conveniens* argument relies on two documents that were not attached to or referenced in Met Water Vista Ridge, L.P.s original complaint, and this Court should not exercise its discretion to take judicial notice of those documents.**

Wilmington Trust argues that Met Water Vista Ridge, L.P.'s original complaint should be dismissed on the basis of *forum non conveniens* because (i) it is barred by the Washington County district court's anti-suit injunction[46] and (ii) the Washington County district court has permitted Wilmington Trust to interplead certain disputed funds.[47]  But neither of those documents was attached to or referenced in Met Water Vista Ridge, L.P.'s original complaint.

Because Wilmington Trust has filed a motion to dismiss based on Met Water Vista Ridge, L.P.'s ***pleadings***, Wilmington Trust's motion is procedurally improper because it relies on extrinsic documents that are not referenced in the challenged pleading.  And this Court should not exercise its discretion to take judicial notice of those documents at this stage in the litigation, before the parties have conducted discovery.

a. **In a motion to dismiss under Rule 12(b)(6), a trial court may only consider the pleading itself and any attachments, unless an exception applies.**

A district court considering a motion to dismiss under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto."[48]  An exception to this exists when (i) extrinsic documents not attached to the challenged pleading are nevertheless referred to in the

---

[46] *See* Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 10–11.

[47] *See* Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 11.

[48] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

pleading; and (ii) are central to claims asserted.[49]  But when an extrinsic document is ***not*** referred to in a challenged pleading, the exception does not apply and the extrinsic document cannot be considered.[50]

Here, Met Water Vista Ridge, L.P. attached two documents to its original complaint,[51] neither of which Wilmington Trust referenced in its motion.  Wilmington Trust does not rely on either of those two documents for any of its arguments to dismiss Met Water Vista Ridge, L.P.'s original complaint.

Instead, Wilmington Trust attached a declaration and four exhibits to its motion to dismiss. None of those extrinsic documents is referenced anywhere in Met Water Vista Ridge, L.P.'s original complaint.  Under clear law from the Fifth Circuit, those extrinsic documents should not be considered by this Court as a basis to dismiss Met Water Vista Ridge, L.P.'s original complaint under Rule 12(b)(6).[52]

>    **b.**    **This Court has discretion to take judicial notice of certain types of documents, but should not do so at this stage in this lawsuit.**

In its motion, Wilmington Trust makes no mention of the fact that consideration of extrinsic documents is generally not permitted in connection with a Rule 12 motion to dismiss pleadings, nor does it make an effort to establish an exception to that general rule.  As Met Water Vista Ridge, L.P. explained in its response to Vista Ridge LLC's motion to dismiss,[53] this Court has significant

---

[49] *See, e.g.*, *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

[50] *See, e.g.*, *Rollerson v. Brazos River Harbor Navigation Dist.*, 6 F.4th 633, 639 n.4 (5th Cir. 2021).

[51] *See* Memorandum of Groundwater Lease (Doc. 1-2); Monthly Flow Reports From Well Sites (Doc. 1-3).

[52] *See Rollerson*, 6 F.4th at 639 n.4.

[53] *See* Plaintiff's response in opposition to Defendant Vista Ridge LLC's motion to dismiss Plaintiff's original complaint (Doc. 21), at 13.

discretion to take judicial notice of certain documents under Rule 201 of the Federal Rules of Evidence when considering a Rule 12(b)(6) motion to dismiss.[54]

First, and as explained in more detail below, Wilmington Trust's arguments regarding the Washington County district court's anti-suit injunction are currently moot. The anti-suit injunction has been temporarily stayed by the Fourteenth Court of Appeals.[55] It is not in force, and therefore is not a basis to dismiss Met Water Vista Ridge, L.P.'s original complaint.

Second, this Court should exercise its discretion in favor of declining to take judicial notice of the documents Wilmington Trust submitted. The Fifth Circuit has clearly stated that "a court may take judicial notice of a document filed in another court . . . [but] cannot take judicial notice of the factual findings of another court."[56]

But here, it is clear from Wilmington Trust's motion that it is presenting the Washington County district court's anti-suit injunction and interpleader order not because they were **_filed_** in the Washington County lawsuit, but because of the **_factual findings_** the Washington County district court made:

- "[T]he Washington County Court found and concluded that it has dominant jurisdiction over the breach of contract claims asserted as well as those specifically related to the Post-Closing Agreement and further, that the Travis County Case improperly infringed on that Court's dominant jurisdiction to hear all claims related to the Post-Closing Agreement."[57]

- "The Washington County Court also concluded that Met Water's suit against Wilmington Trust in the Travis County Case violates the provisions of the Post-Closing Agreement and the Cooperation and Non-Disturbance Agreement (the 'NDA') which plainly prohibit Met

---

[54] *See, e.g.*, *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 588 (5th Cir. 2020).

[55] *See* Letter order (Oct. 22, 2021), attached as Exhibit 1.

[56] *E.g.*, *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998); *Wooley v. Haynes & Boone, L.L.P. (In re Si Restructuring Inc.)*, 480 F. App'x 327, 328 (5th Cir. 2012).

[57] Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 4.

Water from filing suit against the Trust."[58]

- "[T]he Washington County Court concluded that Wilmington Trust (1) is a disinterested trustee with respect to the Disputed Funds, (2) is not responsible for the conflicting claims to the Disputed Funds asserted by Plaintiffs and the Blue Water Defendants, and (3) should not have been sued by Met Water in the Travis County Case given the clear language of the Post Closing Agreement and the NDA."[59]

Even if Wilmington Trust had presented an argument for consideration of the extrinsic documents it submitted in support of its motion to dismiss—which it did not—those extrinsic documents were submitted for an impermissible reason under the law of this circuit. This Court should not consider the Washington County district court's anti-suit injunction or its order allowing interpleader of certain funds in resolving Wilmington Trust's motion to dismiss because it is procedurally improper.

Without those two documents, Wilmington Trust has no support for its argument to dismiss Met Water Vista Ridge, L.P.'s original complaint based on *forum non conveniens*. The portion of the motion to dismiss based on *forum non conveniens* should be denied.

### 2. The anti-suit injunction does not bar Met Water Vista Ridge, L.P.'s claims in this lawsuit.

Even if this Court considers the Washington County district court's anti-suit injunction in support of Wilmington Trust's motion to dismiss—which it should not—dismissal is not warranted because (i) the anti-suit injunction has been stayed, (ii) it does not enjoin Met Water Vista Ridge, L.P., and (iii) the Washington County district court did not have the constitutional authority to enjoin Met Water Vista Ridge, L.P. from filing its claims in this lawsuit.

---

[58] Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 4.

[59] Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 5.

### a. The anti-suit injunction has been stayed by the Fourteenth Court of Appeals, and trial in the Washington County lawsuit has been continued to April 2022.

Wilmington Trust claims in its motion that the anti-suit injunction bars Met Water Vista Ridge, L.P. from pursing its claims in this lawsuit.[60] Regardless of the merits of that argument, it is currently moot. Metropolitan Water Company, L.P. (which was subject to the anti-suit injunction but is not a party before this Court) immediately appealed the anti-suit injunction on July 19, 2021, and that appeal is currently pending in the Fourteenth Court of Appeals.

After Wilmington Trust filed its motion to dismiss on September 20, 2021, the Fourteenth Court of Appeals granted Metropolitan Water Company, L.P.'s emergency motion for stay of the anti-suit injunction on October 22, 2021.[61] A copy of the Fourteenth Court of Appeals's letter order is attached to this response as Exhibit 1. The anti-suit injunction is currently stayed with respect to this lawsuit.[62]

### b. Even if the anti-suit injunction had not been stayed, it would not bar Met Water Vista Ridge, L.P.'s claims in this Court.

Even if the Washington County district court's anti-suit was currently in force—which it is not—the injunction would not bar Met Water Vista Ridge, L.P.'s claims in this lawsuit, for two reasons: (i) Met Water Vista Ridge, L.P., though a named defendant at the time the anti-suit injunction was signed, was not mentioned in the anti-suit injunction; and (ii) the Washington County district court has no power to prevent a person from filing suit in a federal court.

---

[60] Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 10–11.

[61] *See* Letter order (Oct. 22, 2021), attached as Exhibit 1.

[62] *See* Ex. 1 (letter order).

i.    The anti-suit injunction does not enjoin Met Water Vista Ridge,
       L.P.

In its motion, Wilmington Trust conspicuously omits any quotation of language from the

anti-suit injunction.  The closest it gets is stating that "recent court orders . . . concluded that [Met

Water Vista Ridge, L.P. was prohibited from asserting or prosecuting causes of action that arise

from the Vista Ridge Project in any county of the State of Texas against Wilmington Trust."[63]

But as explained in its response to Vista Ridge LLC's motion to dismiss,[64] the anti-suit

injunction does not mention Met Water Vista Ridge, L.P.:[65]

> This Court finds and concludes that this cause was filed almost a year before
> Metropolitan Water Company, L.P. ("Met Water") filed suit against Blue Water Vista Ridge

> The Court further ORDERS that Met Water, its officers, agents, servants, employees, and
> attorneys, and those in active concert or participation with them who receive actual notice of this
> order, not take any action to assert or prosecute any causes of action that arise from the Vista

> Ridge groundwater project in any county of this State against Vista Ridge, LLC, the San Antonio
> Water Service Board of Trustees, or the Burleson/Milam Master Lease Trust.

As shown, the anti-suit injunction clearly was issued against "Metropolitan Water Company,

L.P."—not Met Water Vista Ridge, L.P.

If the Washington County district court intended to enjoin Met Water Vista Ridge, L.P., it

---

[63] Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 10.

[64] *See* Plaintiff's response in opposition to Defendant Vista Ridge LLC's motion to dismiss Plaintiff's original complaint (Doc. 21), 19–20.

[65] *See* Anti-suit injunction (Doc. 12-1), at 259, 261–62.

could have easily done so.  The order granting the anti-suit injunction on July 12, 2021,[66] *after* Met Water Vista Ridge, L.P. had already been added as a named defendant in the Washington County lawsuit.[67]  Why would the Washington County district court's order fail to mention a party defendant it intended to enjoin?  The answer is simpler than Wilmington Trust would have this Court believe: because the Washington County district court did not intend to enjoin Met Water Vista Ridge, L.P.

        ii.        **Under federal law, the Washington County district court could not have enjoined Met Water Vista Ridge, L.P. from filing that claims it did in this lawsuit.**

Even if the anti-suit injunction was in force and applied to Met Water Vista Ridge, L.P.—neither of which is true—the Washington County district court did not have the constitutional power to enjoin Met Water Vista Ridge, L.P. from filing or prosecuting a lawsuit in federal court. It is black-letter law from the Supreme Court of the United States that "it is impermissible for a state court to enjoin a party from proceeding in a federal court . . . ."[68]

Wilmington Trust makes no effort in its motion to distinguish that authority.  But even if Wilmington Trust eventually adopts Vista Ridge LLC's argument that Met Water Vista Ridge, L.P.'s trespass-to-try-title claims are actually *quasi in rem* proceedings,[69] the anti-suit injunction still would not bar Met Water Vista Ridge, L.P.'s claims.  As explained in Met Water Vista Ridge,

---

[66] *See* Anti-suit injunction (Doc. 10-18), at 5.

[67] *See* Plaintiffs' third amended petition (Doc. 10-17), at 2, 5, 35 (claims filed against Met Water Vista Ridge, L.P. on July 8, 2021).

[68] *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 236 n.9 (1998); *see Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964).

[69] *See* Defendant Vista Ridge's motion to dismiss Plaintiff's original complaint (Doc. 10), at 17–18.

L.P.'s response to Vista Ridge LLC's motion to dismiss,[70] the pleadings in the Washington County lawsuit demonstrate that argument is flawed.

It is true that a trespass-to-try-tile claim is a *quasi in rem* proceeding.[71] But this is not a situation where both this Court and the Washington County district court are attempting to exercise *in rem* or *quasi in rem* jurisdiction over the same property.

On one hand, Met Water Vista Ridge, L.P. has clearly asked this Court to exercise jurisdiction over title to the Baldwin Lease, because it has filed trespass-to-try-title claims against Vista Ridge LLC and the Burleson/Milam Master Lease Trust.[72]

But no party in the Washington County lawsuit has asked the district court to assert jurisdiction over the same *res*, title to the Baldwin Lease. No party has filed a claim for trespass to try title, to quiet title, or a declaratory-judgment action to determine title. To the contrary, as of July 8, 2021 (the date Met Water Vista Ridge, L.P. filed this lawsuit), the only cause of action in the Washington County lawsuit that mentioned a groundwater lease with Mr. Baldwin was a breach-of-contract claim, which sought specific performance of a contract right to convey the Baldwin Lease:

---

[70] *See* Plaintiff's response in opposition to Defendant Vista Ridge LLC's motion to dismiss Plaintiff's original complaint (Doc. 21), at 20–23.

[71] *See, e.g.*, *Reed v. Turner*, 489 S.W.2d 373, 379 (Tex. App.—Tyler 1972, writ ref'd n.r.e.); *State v. Bryan*, 210 S.W.2d 455, 463 (Tex. App.—Austin 1948, no writ).

[72] *See* Plaintiff's original complaint, application for temporary restraining order, and requests for temporary and permanent injunctive relief (Doc. 1), at ¶¶ 22–25.

> ### CAUSES OF ACTION
>
> **A.    Breach of Contract**
>
>     63.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.
>
>     64.    BWS and BWVR seek specific performance of Met Water's contractual obligations under Section II, subsection (2) of the Post-Closing Agreement and sections 3.1-3.2 of the NDA.  BWS and BWVR also seek a final judgment compelling Met Water to turn over all Vista Ridge Lease Files in Met Water's or MWVR's possession to BWVR and to dismiss with prejudice the Trustee of the Burleson/Milam Trust, Wilmington Trust, N.A., from, and all claims for injunctive relief in, the Travis County Case.  BWS and BWVR also seek specific performance of the 2014 Lease Assignment Agreement and 2016 Post-Closing Agreement and seek assignment of all leases taken in the name of Met Water, MWVR, or any other affiliated entity, for tracts that were included in the 2014 Lease Assignment, or otherwise included within Vista Ridge Leases, specifically including the Joe Baldwin lease taken by MWVR.

It is also black-letter Texas law that a suit for specific performance of a contract for land (or an interest in land) is an *in personam* action against a party—not an *in rem* or *quasi in rem* proceeding involving title to land.[73]

The Washington County district court's anti-suit injunction was not issued to protect its jurisdiction over a particular *res*; in fact, it is not exercising *in rem* or *quasi in rem* jurisdiction at all.  Unlike this Court, which has been asked to adjudicate title to the Baldwin Lease.

Therefore, no exception applies to the general rule that state courts cannot enjoin litigants from filing suit in federal court, and the Washington County district court's anti-suit injunction

---

[73] *See, e.g.*, *Miller v. Rusk*, 17 Tex. 170, 171 (1856); *Burkitt v. Wynne*, 132 S.W. 816, 821 (Tex. App.—Houston [1st Dist.] 1910, writ ref'd).

does not bar Met Water vista Ridge, L.P. from pursuing claims in this lawsuit. Wilmington Trust's argument in favor of a dismissal based on *forum non conveniens* finds no support in the anti-suit injunction.

3. **The order permitting Wilmington Trust to interplead certain funds does not bar Met Water Vista Ridge, L.P.'s claims to determine ownership and use of the Baldwin Lease.**

Wilmington Trust also argues that the order allowing it to interplead certain funds weighs in favor of dismissal based on *forum no conveniens*.[74] Even if this Court considers that order in resolving Wilmington Trust's motion to dismiss—which it should not—the order has no effect on Met Water Vista Ridge, L.P.'s claims ownership and use of the Baldwin Lease.

Wilmington Trust's argument confuses both (i) the claims to the disputed funds that were interpleaded, and who has asserted them; and (ii) the difference between title to an interest in land vs. a claim for money damages. First, non-party Metropolitan Water Company, L.P.—not plaintiff Met Water Vista Ridge, L.P.—asserted a claim to funds previously held by Wilmington Trust as a result of rights granted by the Post-Closing Agreement. (Met Water Vista Ridge, L.P. has never made demand on funds held by Wilmington Trust based on rights in the Post-Closing Agreement.)

It was non-party Metropolitan Water Company, L.P.'s claim, coupled with a competing one by Blue Water Vista Ridge, LLC, that prompted Wilmington Trust to interplead funds into the registry of the 21st District Court of Washington County. Plaintiff Met Water Vista Ridge, L.P.'s claims for funds previously held by Wilmington Trust are not based on the Post-Closing Agreement, but on Met Water Vista Ridge, L.P.'s status as lessee of the Baldwin Lease. The rights and obligations asserted by the parties (i) in the Washington County lawsuit and (ii) in this lawsuit

---

[74] *See* Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for *forum non conveniens*, and memorandum in support (Doc. 12), at 11.

are distinct and separate.

Second, Met Water Vista Ridge, L.P. has asserted claims in this lawsuit for (i) trespass to try title; (ii) declaratory relief regarding ownership of the Baldwin Lease and the right to withdraw groundwater from the land it covers; and (iii) injunctive relief to halt Vista Ridge LLC and parties in privity with it from withdrawing groundwater from the land covered by the Baldwin Lease.[75] Those claims arise from Met Water Vista Ridge, L.P.'s status as the lessee of the Baldwin Lease.

None of those claims has anything to do with the Interpleaded Funds referenced in the Washington County district court's order, which involved claims for money damages related to breaches of contract (the Post-Closing Agreement). The interpleader order does not support Wilmington Trust's motion to dismiss based on *forum non conveniens*, either.

## IV. CONCLUSION

For these reasons, plaintiff Met Water Vista Ridge, L.P. respectfully requests an order denying defendant Wilmington Trust's motion to dismiss Plaintiff's complaint and alternatively, for forum non conveniens, and memorandum in support (Doc. 12); and for such other and further relief to which Met Water Vista Ridge, L.P. may be justly entitled.

Dated: October 25, 2021

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

_____
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
James Hatchitt
State Bar No. 24072478
jhatchitt@howrybreen.com
1900 Pearl Street

---

[75] *See* Plaintiff's original complaint (Doc. 1), at ¶¶ 22–27, 30–41.

Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorney for plaintiff Met Water Vista Ridge, L.P.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was delivered on October 25, 2021, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, to the parties listed and in the manner indicated below:

| | |
|---|---|
| Mike Stenglein | ✓ Electronic service |
| mstenglein@kslaw.com | ☐ In person |
| Edward F. Fernandes | ☐ Registered mail, return receipt requested |
| efernandes@kslaw.com | ☐ Commercial delivery service |
| Christopher H. Taylor | ☐ Facsimile |
| ctaylor@kslaw.com | ☐ Electronic mail |
| KING & SPALDING, LLP | |
| 500 West 2nd Street, Suite 1800 | |
| Austin, Texas 78701 | |
| Tel. (512) 457-2000 | |
| Fax (512) 457-2100 | |

*Attorneys for defendant Vista Ridge LLC*

| | |
|---|---|
| Tricia W. Macaluso | ✓ Electronic service |
| tricia.macaluso@bclplaw.com | ☐ In person |
| BRYAN CAVE LEIGHTON PAISNER, LLP | ☐ Registered mail, return receipt requested |
| 2200 Ross Avenue, Suite 3300 | ☐ Commercial delivery service |
| Dallas, Texas 75201 | ☐ Facsimile |
| Tel. (214) 721-8000 | ☐ Electronic mail |
| Fax (214) 721-8100 | |

*Attorney for defendant Wilmington Trust, N.A., as Trustee for the Burleson/Milam Master Lease Trust*

| | |
|---|---|
| Paul M. Terrill | ✓ Electronic service |
| pterrill@terrillwaldrop.com | ☐ In person |
| Ryan D. V. Greene | ☐ Registered mail, return receipt requested |
| rgreene@terrillwaldrop.com | ☐ Commercial delivery service |
| TERRILL & WALDROP | ☐ Facsimile |
| 810 West 10th Street | ☐ Electronic mail |

Austin, Texas 78701
Tel. (512) 474-9100
Fax (512) 474-9888

Stacey V. Reese
stacey@staceyreese.law
STACEY REESE LAW, PLLC
910 West A venue, Suite 15
Austin, Texas 78701
Tel. (512) 535-0742
Fax (512) 233-5917

*Attorneys for non-party Blue Water Vista Ridge, LLC*

_____
James Hatchitt